**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PAUL BERGAD, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>      v.<br><br>2KREW SECURITY & SURVEILLANCE,<br><br>           Defendant. | No.: 2:19cv1228<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Paul Bergad ("Plaintiff"), Individually and on behalf of all others similarly situated, by and through his undersigned counsel, alleges the following facts and claims upon knowledge as to matters relating to himself and upon information and belief as to other matters and, by way of this Complaint, avers as follows:

**INTRODUCTION**

This is an action asserting violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, breach of implied warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, and negligent misrepresentation in connection with security systems ("Systems") designed, manufactured, marketed, advertised, warranted, and sold by 2Krew Security & Surveillance ("Defendant" or "2Krew").

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the aggregate amount in controversy exceeds five million dollars ($5,000,000) exclusive of interest and costs., the proposed class exceeds 100 persons, and there is minimal diversity.

2. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of the Defendant.

3. The class claims involve matters of national or interstate interest.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff resides in this District.

5. Upon information and belief, Defendant regularly conducts business in this district.

## THE PARTIES

6. Plaintiff Paul Bergad is an adult individual residing at 150 Bergad Lane, Freeport, Pennsylvania 16229, acting on behalf of Bergad, Inc. located at 11858 State Route 85, Kittanning, Pennsylvania 16201.

7. Defendant 2Krew Security & Surveillance is a Pennsylvania corporation with its principal place of business located at 177 South Jefferson Street, Kittanning, Pennsylvania 16201.

## FACTUAL ALLEGATIONS

8. Defendant is in the business of designing and installing intelligent systems tailored to new businesses, residential homes, and franchises, as well as industrial, educational, municipal, state, and federal government agencies.

9. Defendant marketed, advertised, warranted, and sold the Systems to Plaintiff and to Class Members.

10. Upon information and belief, Defendant designed, tested, marketed, sold, and installed the Systems to Plaintiff and members of the proposed Class for use in homes and buildings in Pennsylvania and throughout the United States.

11. The Systems were defective in design and manufacture, insofar that the "master code" that turned off each System was common to all the Systems that Defendant sold, and thus, any System sold by Defendant was susceptible to a breach by any person with the same System.

12. In conjunction with each sale, Defendant marketed, advertised, and warranted that the Systems were fit for the ordinary purpose for which such goods were used and were free from defects.

13. As a result of the defects in the Systems, Plaintiff and Class Members have suffered damages, in that the Systems have been installed in their homes, offices, or other buildings that they would not have otherwise had installed if they had originally known of the defects.

14. Plaintiff and Class Members viewed and relied upon Defendant's marketing, advertisements, and warranty that the Systems were fit for security purposes.

15. Upon information and belief, there may be thousands of structures in Pennsylvania and throughout the United States with the defective Systems installed.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of the following proposed class:

> All persons and entities in the United States who purchased the Systems from Defendant (the "Class").

Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant and its legal representatives, assigns and successors of Defendant; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

17. *Numerosity*: The Class is composed of thousands of persons and entities that own a structure located within the United States, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Class is ascertainable and identifiable from Defendant's records or identifying marks on the Systems.

18. *Commonality*: Questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual issues that will drive the resolution of this litigation include the following:

    a. Whether Defendant breached the Unfair Trade Practices and Consumer Protection Law ("UTPCPL");

    b. Whether Defendant breached its duty of good faith and fair dealing to the Plaintiff and the Class;

    c. Whether Defendant knew or should have known of the defect;

    d. Whether Defendant concealed from consumers and/or failed to disclose the defect to consumers, despite its duty to do so;

    e. Whether Defendant breached its express warranties by retaining a master code;

    f. Whether Defendant breached its implied warranties that the Systems were fit for their ordinary purpose;

    g. Whether Plaintiff and the Class are entitled to replacement of their defective Systems with non-defective Systems;

    h. Whether Plaintiff and the Class are entitled to damages, including, among other things, the compensation for all out-of-pocket monies expended by members of the Class for replacement security systems and/or installation costs; and,

    i. Whether the Defendant is liable to Plaintiff and the Class in this action, as alleged in this Complaint.

19.     *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of Defendant's conduct in designing, marketing, advertising, warranting, installing, and selling the Systems, and Plaintiff's and Class Members' purchasing of the Systems or homes or buildings with the Systems.

20.     *Adequate Representation*: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class.  Plaintiff has retained counsel experienced in the prosecution of complex class actions, including consumer class actions involving product liability and product design defects.

21.     *Predominance and Superiority*:  This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.  Should individual Class members be required to bring separate actions, courts would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results would magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## COUNT I

**Violation of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1 – 3**

22.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

23. Plaintiff brings this claim individually and on behalf of the other Class members against Defendant.

24. Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. §§ 201-1 *et seq.* makes unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

25. Plaintiff, the other Class Members, and Defendant are "persons" pursuant to 73 P.S. § 201-2.

26. Plaintiff and the other Class Members are "consumers" within the meaning of UTPCPL.

27. Defendant is a manufacturer, marketer, seller, and distributor of the Systems.

28. Defendant markets and sells the Systems with express warranties created on the Systems' packaging, labeling, advertisements, marketing, and website regarding the qualities and benefits of the Systems.

29. Defendant engaged in unfair trade practices, unfair methods of competition, and unfair and deceptive acts or practices as defined by the UTPCPL. The acts and practices include, but are not limited to:

   a. Representing that the Systems are of a particular standard, quality or grade, when they were of another, 73 P.S. § 201-2(vii);

   b. Engaging in fraudulent or deceptive conduct by failing to disclose that all Systems sold by Defendant were controlled by the same master code which created a likelihood of confusion or misunderstanding, 73 P.S. § 201-2(xxi); and,

6

c. Concealing and failing to disclose to Plaintiff and all Class Members the aforesaid defects.

30. Defendant knew or should have known at the time the Systems were installed that the Systems were capable of being accessed or breached by the same master code.

31. Such conduct is the essence of the merchant activities which violates the UTPCPL.

32. Defendant's acts, as set out above, injured Plaintiff and the Class by requiring them to purchase and install new security systems and/or repair existing Systems.

33. As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and the Class Members sustained damages in an amount to be determined at trial.

34. Plaintiff, on behalf of himself and the Class Members, demands judgment against Defendant for compensatory damages for himself and each of the other Class Members, as well as attorneys' fees, interest, and costs.

## COUNT II

### Breach of Implied Warranties

35. Plaintiff realleges and incorporates by reference the preceding paragraphs of his Complaint as if fully set forth herein.

36. The aforesaid defects violated the implied warranties of merchantability and fitness for a particular purpose which accompanied these Systems.

37. At the time the Defendant designed, manufactured, marketed, sold, and/or distributed its Systems, Defendant knew of the use for which the Systems were intended and impliedly warranted its product to be of merchantable quality and safe and fit for such use.

38. Plaintiff and Class Members reasonably relied upon the experience and expertise of Defendant as to whether the Systems were of merchantable quality and safe and fit for their intended use and upon Defendant's implied warranty as to such matters.

39. Contrary to such implied warranty, the Systems were not of merchantable quality or safe or fit for their intended use because the products were susceptible to a breach through the use of the master code as described above.

40. As a direct and proximate result, Plaintiff and members of the Class suffered damages caused by Defendant's breach of its implied warranties.

41. Plaintiff, on behalf of himself and the Class members, demands judgment against Defendant for compensatory damages for himself and each of the other Class members, as well as attorneys' fees, interest, and costs.

## COUNT III

### Breach of Express Warranty

42. Plaintiff realleges and incorporates by reference the preceding paragraphs of his Complaint as if fully set forth herein.

43. Defendant marketed and sold the Systems into the stream of commerce with the intent that the Systems would be purchased by the Plaintiff and members of the Class.

44. Defendant created express warranties on the Systems' packaging, marketing materials, and its website. Defendant expressly warranted, advertised, and represented to Plaintiff and members of the Class that the Systems are:

    a. designed with access control to provide "peace of mind knowing who has access to your property;"

      b.    installed "neat, clear, professional, and, of course, done right every time;" and,

      c.    installed to "make your property safer."

45.    Defendant made these express warranties regarding the Systems' quality, and fitness for a particular use on its website in their marketing statements in connection with the sale of the Systems to Plaintiff and Class Members.

46.    Plaintiff and Class Members reasonably relied on Defendant's marketing materials, packaging, and website in making their decision to purchase the Systems.

47.    Defendant's warranties became part of the basis of the bargain Plaintiff and members of the Class entered into when they purchased the Systems.

48.    Defendant breached its express warranties to Plaintiff and the members of the Class in that the Systems (as advertised, represented, and warranted) are not suitable for security purposes as the Systems can be breached by use of the master code that is common to all Systems. In short, the Systems' quality and suitability for security purposes are not what were represented, promised, and warranted by Defendant. As a result of Defendant's breach of its express warranties, Plaintiff and Class Members were damaged in the amount of the purchase price they paid for the Systems in an aggregate amount to be proven at trial.

49.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Class have suffered actual damages in that they have purchased these Systems of inferior quality which they would not have purchased at all if they had known of the true quality of the Systems and must now have the Systems replaced.

50. Plaintiff, on behalf of himself and the other Class Members, demands judgment against Defendant for compensatory damages for himself and each of the other Class Members, as well as attorneys' fees, interest, and costs.

## COUNT IV

### Negligent Misrepresentation

51. Plaintiff realleges and incorporates by reference the preceding paragraphs of his Complaint as if fully set forth herein.

52. Defendant had a duty to disclose to Plaintiff and the Class Members the actual quality of the Systems as well as their fitness for security purposes.

53. Defendant had a duty to disclose the existence of a common master code and to warn of the dangers associated with the installation.

54. During the class period, Defendant negligently misrepresented, omitted, and concealed from consumers material facts relating to the quality and security of the Systems, including that the Systems retained the same master code and thus were not fit for the ordinary purpose of security.

55. Defendant made such false and misleading statements and omissions on its website, in its product literature, and advertisements, with the intention of inducing Plaintiff and Class Members to purchase the Systems.

56. Plaintiff and the Class Members were unaware of the falsity of Defendant's misrepresentations and omissions and justifiably relied on them in deciding to purchase the Systems. Had Plaintiff and the Class Members been made aware that all Systems retain the same master code and do not provide an adequate level of security, they would not have purchased the Systems, but, instead, would have purchased a different company's security system.

57. As a direct and proximate result of these misrepresentations and omissions of material facts by Defendant, Plaintiff and Class Members have suffered and will continue to suffer damages and losses as alleged herein in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, for himself and on behalf of all others similarly situated, prays for a judgment against Defendant as follows:

   a. For an order certifying the Class, pursuant to Rule 23, appointing Plaintiff as representative of the Class and appointing Plaintiff's attorney as Class counsel;

   b. For compensatory damages sustained by Plaintiff and the Class;

   c. For a finding that Defendant breached its implied warranty of merchantability by retaining a master code;

   d. For a finding that Defendant breached its implied warranty of fitness for a particular purpose by retaining a master code;

   e. For a finding that Defendant breached its express warranty by retaining a master code;

   f. For payment of the costs of the suit incurred herein;

   g. For both pre-judgment and post-judgment interest on any amounts awarded;

   h. For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and,

   i. For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial for all claims so triable.

Dated: September 25, 2019                                    Respectfully submitted,

                                                             */s/ D. Aaron Rihn*
                                                             D Aaron Rihn, Esquire

PA ID No.: 85752  
Robert Peirce & Associates, P.C.  
707 Grant Street  
Suite 125  
Pittsburgh, PA 15219  
Tel: 412-281-7229  
Fax: 412-281-4229  
Email: arihn@peircelaw.com