# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL BERGAD, Individually and on Behalf of
All Others Similarly Situated,                          Civil Action No.  2:19-cv-01228-MRH

        Plaintiff,

        v.                                                    ELECTRONICALLY FILED

2KREW SECURITY AND SURVEILLANCE,

        Defendant.

---

**DEFENDANT 2KREW SECURITY & SURVEILLANCE'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

I.      STATEMENT OF THE FACTS ................................................................................. 1

II.     LEGAL STANDARD ................................................................................................. 3

    A.      Federal Rule of Civil Procedure 12(b)(1) ...................................................... 3

    B.      Federal Rule of Civil Procedure 12(b)(6) ...................................................... 3

    C.      Federal Rule of Civil Procedure 12(e) ........................................................... 4

III.    ARGUMENT ............................................................................................................. 5

    A.      Plaintiff's Complaint Should be Dismissed for Lack of Standing Pursuant to Rule 12(B)(1). ............................................................................................... 5

    B.      Plaintiff's Claims Should be Dismissed for Failure to State a Claim Pursuant to Rule 12(B)(6). ........................................................................................... 7

        1.      Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et. seq.* ............................................ 7

        2.      Breach of Implied Warranties ....................................................... 13

        3.      Breach of Express Warranty .......................................................... 16

        4.      Negligent Misrepresentation ......................................................... 17

    C.      Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). ......................................................................................... 20

IV.     CONCLUSION ....................................................................................................... 21

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 3, 4

*Auger v. The Stouffer Corp.*, 1993 U.S. Dist. LEXIS 12719, at *2 (E.D. Pa. Aug. 31, 1993)................................................................................................................................. 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 3, 4

*Beto v. Barkley*, 706 F. App'x 761 (3d Cir. 2017)................................................................ 1

*Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79 (3d Cir. 2001) ................. 9

*Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765 (3d Cir. 2009) ........................................ 18

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256 (3d Cir. 2006)........................................... 1

*Davis v. Passman*, 442 U.S. 228 (1979)............................................................................... 5

*Dimare v. Metlife Insurance Co.*, 369 Fed. App'x 324, at *329 (3d Cir. 2010) .................. 18

*Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604 (3d Cir. 1995)................... 9

*Forbis v. Reilly*, 684 F. Supp. 1317 (W.D. Pa. 1988) .......................................................... 16

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) ...................................................... 19

*Goode v. City of Phila.*, 539 F.3d 311 (3d Cir. 2008) .......................................................... 5

*Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 2012 U.S. Dist. LEXIS 46987, at *6 (E.D. Pa. Mar. 30, 2012)............................................................... 12, 18

*Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127 (E.D. Pa. 2007)......................................... 19

*Hill v. Ofalt*, 85 A.3d 540 (Pa. Super. 2014 ........................................................................ 6

*Hoffman v. A. B. Chance Co.*, 339 F. Supp. 1385 (M.D. Pa. 1972)...................................... 16

*In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867 (E.D. Pa. 2012).............3, 5, 6

*In re Schering-Plough Corp.*, 678 F.3d 235 (3d Cir. 2012) ................................................. 3, 5

*In re Zostavax*, 2019 U.S. Dist. LEXIS 83925, at *3 (E.D. Pa. May 10, 2019)................... 19

*Incubadora Mexicana, SA De CV v. Zoetis, Inc.*, 310 F.R.D. 166 (E.D. Pa. 2015) ............ 16

*Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102 (3d Cir. 2019).................................................... 3

*McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804 (E.D. Pa. 2016)...................................... 7

*N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234 (3d Cir. 2011) .............................. 5

*N.Y. State Elec. & Gas Corp. v. Westinghouse Elec. Corp.*, 564 A.2d 919 (Pa. Super. 1989)................................................................................................................... 11, 13

*Phillips v. Co. of Allegheny*, 515 F.3d 224 (3d Cir. 2008).................................................... 3

**Page(s)**

*Pozarlik v. Camelbak Assocs., Inc.*, 2012 U.S. Dist. LEXIS 31375, at *10 (M.D. Pa. Mar. 7, 2012) ........................................................................................................................ 4

*Reifsnyder v. Pgh. Outdoor Adver. Co.*, 173 A.2d 319 (Pa. 1961) ................................................ 6

*Sabol v. Ford Motor Co.,* 2015 U.S. Dist. LEXIS 92341, at *10 (E.D. Pa. July 16, 2015) ...................................................................................................................................... 16

*Schaedler v. Reading Eagle Publication,* 370 F.2d 795 (3d Cir. 1967) ................................... 4

*Scheuer v. Rhodes*, 416 U.S. 323 (1974) ...................................................................................... 4

*Scott v. Bimbo Bakeries, Inc.*, 2012 U.S. Dist. LEXIS 26106, at *19 (E.D. Pa. Feb. 29, 2012) ................................................................................................................................... 19

*Stillwagon v. Innsbrook Golf & Marina, LLC*, 2013 U.S. Dist. 38387, at *38 (W.D. Pa. 2013 ......................................................................................................................... 12, 17, 18

*Sunburst Paper, LLC v. Keating Fibre Int'l, Inc.*, 2006 U.S. Dist. LEXIS 78890, at *10 (E.D. Pa. Oct. 30, 2006) .................................................................................................. 9

*Sunshine v. Reassure Am. Life Ins. Co.*, 515 F. App'x 140 (3d Cir. 2013) ............................ 9

*Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82 (3d Cir. 2015) ........................... 19

*Visual Communs., Inc. v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 611 F. Supp. 2d 465 (E.D. Pa. 2009) ................................................................................................................... 15

*Wadhwa v. Sec'y, Dept. of Veteran's Affairs*, 505 F. App'x. 209 (3d Cir. 2012) .............. 4

*Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002) ...................................... 9, 17

*Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476 (E.D. Pa. 2016) ............................. 7, 19

**Other Authorities**

13 Pa.C.S. § 2313(a)(1) ................................................................................................................ 16

13 Pa.C.S. § 2313(b) .................................................................................................................... 16

13 Pa.C.S. § 2314 ......................................................................................................................... 14

13 Pa.C.S. § 2315 ......................................................................................................................... 13

13 Pa.C.S. § 2316(b) ............................................................................................................... 13, 14

13 Pa.C.S. § 2607(c)(1) ........................................................................................................... 15, 17

13 Pa.C.S. § 2719(a)(2) ............................................................................................................... 13

73 P.S. § 201-1 .......................................................................................................................... 2, 7

73 P.S. § 201-2 ................................................................................................................................ 2

73 P.S. § 201-3 ................................................................................................................................ 2

73 Pa.C.S. § 201-9.2 ...................................................................................................................... 7

Fed. R. Civ. P. 10 ...................................................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(1) ......................................................................................................... 3, 5, 7

**Page(s)**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ passim

Fed. R. Civ. P. 12(b)(7) .................................................................................................. 20

Fed. R. Civ. P. 12(e) ...................................................................................................4, 20

Fed. R. Civ. P. 12(h)(3). ................................................................................................... 3

Fed. R. Civ. P. 19 ........................................................................................................... 20

Fed. R. Civ. P. 9(b) ............................................................................................... 8, 18, 19

Defendant, 2 Krew, Inc. d/b/a 2Krew Security & Surveillance ("Defendant") (incorrectly identified in Plaintiff's Complaint as "2Krew Security and Surveillance"), by and through undersigned counsel, file this Memorandum in Support of Motion to Dismiss or for a More Definite Statement as follows:

## I.        STATEMENT OF THE FACTS[1]

On a date not alleged in the Complaint, Bergad, Inc., a corporation located at 11858 State Route 85, Kittanning, Pennsylvania 16021, engaged Defendant, a corporation located at 177 S. Jefferson Street, Kittanning, PA 16201, to install and monitor a system at Bergad, Inc.'s premises.  Bergad, Inc. and Defendant entered into a Monitored System Agreement, a copy of which is attached hereto as Exhibit 1, which sets forth the terms and conditions for the installation of a security system and monitoring services that are the subject of this claim.[2]

Plaintiff, Paul Bergad, is an "individual" suing on "behalf of Bergad, Inc." (Complaint, ¶ 6.)  Plaintiff does not set forth any allegations as to how or why he is authorized to bring a lawsuit on behalf of another entity.  In fact, the Monitored System Agreement provides that Bergad, Inc. "may not assign [the Agreement] without 2Krew's prior written consent." (*See* Exhibit 1, at ¶ 19.)  Plaintiff does not allege that he obtained prior written consent, or that he is in some other way authorized to bring this claim in an individual capacity.

---

[1] Generally, the basis for determining a motion to dismiss is that which is contained in the complaint.  However, a Court may also consider "documents that are attached to or submitted with a Complaint and any matters incorporated by reference or integral to a claim, items subject to judicial notice, matters of public record, orders, and items appearing in the case record," along with the facts that arise therefrom.  *Beto v. Barkley*, 706 F. App'x 761, 765 (3d Cir. 2017) (citing *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256 (3d Cir. 2006)); *see also* Fed. R. Civ. P. 10.  Defendant's Section I is properly limited to the facts as pled by Plaintiff and the facts arising from "any matters incorporated by reference or integral to a claim."

[2] This document was adopted by reference by Plaintiff pursuant to Federal Rule of Civil Procedure 10.  Plaintiff's Complaint repeatedly refers to a sale that was governed by the attached agreement.

Despite the foregoing, Plaintiff has alleged that Defendant "designed, manufactured, marketed, advertised, warranted, and sold" security systems to Plaintiff and the putative class members. (Complaint, ¶ Introduction.) Plaintiff has further alleged that the security systems "were defective in design and manufacture, insofar that the 'master code' that turned off each System was common to all the Systems that Defendant sold, and thus, any System sold by Defendant was susceptible to a breach by any person with the same Person." (Complaint, ¶ 11.) Plaintiff does not allege that the unidentified security systems were in any way breached. Additionally, Plaintiff does not allege that the programming or procedure by which the master code can be changed, which is outlined in the Quick Guide to User Functions manual,[3] was in any way inoperable or dysfunctional.

On behalf of himself "individually[,]" and a putative class, Plaintiff has asserted four counts: (I) Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1-3; (II) Breach of Implied Warranties; (III) Breach of Express Warranty; and (IV) Negligent Misrepresentation.

---

[3] This document was adopted by reference by Plaintiff pursuant to Federal Rule of Civil Procedure 10, as Plaintiff's Complaint contains allegations relating to the "product literature," which would include the Quick Guide to User Functions. (Complaint, ¶ 15.)

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") permits a defendant to move for dismissal of a complaint if the court lacks subject-matter jurisdiction to hear the case.  A defendant may challenge the court's subject-matter jurisdiction under Article III of the United States Constitution, which limits federal courts to the adjudication of actual cases and controversies.  *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 110 (3d Cir. 2019).  To establish a case or controversy, a plaintiff must have standing to sue.  *Id*.  As such, a motion to dismiss for lack of standing is "properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."  *In re Schering-Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012).

In determining whether a complaint adequately pleads standing, "Courts must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party."  *Id*.  However, where the Court finds that the complaint does not properly plead standing, the Court "does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 884 (E.D. Pa. 2012); *see also* Fed. R. Civ. P. 12(h)(3).

### B.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") provides that a complaint may be dismissed if it fails to state a claim for relief that is plausible on its face.  Fed. R. Civ. P. 12(b)(6); *Phillips v. Co. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The standard for plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  A complaint is facially plausible if it

alleges sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept as true all factual allegations of a complaint and view them in a light favorable to plaintiffs. *See Scheuer v. Rhodes*, 416 U.S. 323, 236 (1974).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, at 555.

## C.      Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) ("Rule 12(e)") provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A motion for a more definite statement pursuant to Rule 12(e) "must point out the defect complained of and the details desired."  Fed. R. Civ. P. 12(e).  This motion is appropriately made where, "because of the vagueness or ambiguity of the pleading[,] the answering party will not be able to frame a responsive pleading." *Wadhwa v. Sec'y, Dept. of Veteran's Affairs*, 505 F. App'x. 209, 214 (3d Cir. 2012) (quoting *Schaedler v. Reading Eagle Publication,* 370 F.2d 795 (3d Cir. 1967)).  A motion for a more definite statement should be granted where, due to the complaint's deficiencies, "the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Pozarlik v. Camelbak Assocs., Inc.*, 2012 U.S. Dist. LEXIS 31375, at *10 (M.D. Pa. Mar. 7, 2012).

## III.    ARGUMENT

**A.    Plaintiff's Complaint Should be Dismissed for Lack of Standing Pursuant to Rule 12(B)(1).**

Standing under Article III "is a threshold issue for any case, including class actions." *In re Processed Egg Prods.*, 851 F. Supp. 2d at 883 (further holding that, regardless of whether a claim is brought as a class action, "the requirement that a named plaintiff must have standing to bring it is unaltered."). To establish standing under Article III, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

The first element is particularly significant because "the nature of a party's injury 'is relevant to the determination of whether she has alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues.'" *Id.* at 884 (quoting *Davis v. Passman*, 442 U.S. 228 (1979) (internal quotations omitted)). In other words, the plaintiff must "be himself among the injured." *In re Schering-Plough Corp.*, 678 F.3d at 245. Named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *In re Processed Egg Prods.*, at 884. Ultimately, in determining standing, "the Court's attention must turn to the named Plaintiffs to ask whether they have a personal stake sufficient to confer Article III standing based upon 'their specific allegations and the relief which they seek.'" *Id.* (quoting *Goode v. City of Phila.*, 539 F.3d 311, 316 (3d Cir. 2008)).

Moreover, to properly allege an "injury in fact," the plaintiff "must allege an injury that is 'both (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical.'" *In re Processed Egg Prods.*, at 884 (quoting *N.J. Physicians, Inc. v. President of*

*U.S.*, 653 F.3d 234, 238 (3d Cir. 2011) (internal quotations omitted)).  An injury is "concrete" if it is "real, or distinct and palpable, as opposed to merely abstract."  *Id*.  It is sufficiently "particularized" if it "affects the plaintiff in a personal and individual way."  *Id*.  An injury is "actual" if it is presently and actually occurring, and an injury is "imminent" if the plaintiff can "demonstrate a realistic danger of sustaining a direct injury."  *Id*.  In other words, there must be either a "realistic chance—or a genuine probability—that a future injury will occur in order for that injury to be sufficiently imminent."  *Id*.

Here, Plaintiff Paul Bergad is not among those allegedly injured by Defendant.  By Plaintiff's own admission, he is an "individual" and brings this claim on behalf of "Bergad, Inc., located at 11858 State Route 85, Kittanning, Pennsylvania 16021."  (Complaint, ¶ 6.) Under Pennsylvania law, a shareholder does not have standing to bring a direct claim for a harm suffered by the corporation and that is "indirectly injurious" to the shareholder.  *Hill v. Ofalt*, 85 A.3d 540, 548 (Pa. Super. 2014) (quoting *Reifsnyder v. Pgh. Outdoor Adver. Co.*, 173 A.2d 319, 321 (Pa. 1961)).  As an individual, Plaintiff has suffered no personal harm, and does not have sufficient personal stake in the outcome of this matter.  Rather, it is Bergad, Inc. that is alleged to have suffered harm and that would have personal stake in the outcome of the claims.  As such, the named Plaintiff cannot establish that he has suffered an injury in fact, and therefore cannot establish standing as required by Article III.

Further, Plaintiff has not alleged an injury that is sufficiently particularized.  Because Plaintiff purports to be "acting on behalf of Bergad, Inc.[,]" the alleged injury does not affect him in a personal and individual way.  Plaintiff cannot rely on alleged injuries to other to establish standing, as such injuries are not concrete or particularized.

Additionally, in paragraph 11 of Plaintiff's Complaint, Plaintiff alleges that he was injured by the existence of a master code in the security systems because "any System sold by Defendant was susceptible to a breach by any person with the same System." Again, Plaintiff does not allege that any breaches actually occurred. As such, this injury is conjectural and hypothetical, and cannot be relied upon by Plaintiff to establish standing.

Based on the foregoing, Plaintiff does not have standing under Article III of the United States Constitution. Therefore, this Honorable Court does not have subject-matter jurisdiction to adjudicate these claim, and Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1).

**B.     Plaintiff's Claims Should be Dismissed for Failure to State a Claim Pursuant to Rule 12(B)(6).**

**1.     Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et. seq.***

**(a)     Plaintiff has failed to state a plausible claim under Pennsylvania's UTPCPL.**

Count I of Plaintiff's Complaint alleges violations of Pennsylvania's UTPCPL. To state a plausible claim under the UTPCPL, a complaint must allege that:

> (1) plaintiff purchased or leased goods or services primarily for a personal, family, or household purpose; (2) plaintiff suffered an ascertainable loss of money or property; and (3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the UTPCPL.

*McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 809 (E.D. Pa. 2016); *see also* 73 Pa.C.S. § 201-9.2. Further, the complaint must "allege that the plaintiffs justifiably relied on the defendant's fraudulent or deceptive conduct." *Id.* Finally, because Plaintiff's claim under the UTPCPL is rooted in allegations of fraud, the claim must be pled with particularity. *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 484 (E.D. Pa. 2016) (holding that the

pleading standard set forth in Federal Rule of Civil Procedure 9(b) applies to claims made under the UTPCPL when such claims are rooted in fraudulent conduct.).

Here, Plaintiff has failed to allege particulars with regard to his claims under the UTPCPL.  Even under the lesser standard of pleading, Plaintiff has not stated a plausible claim under the UTPCPL.  Plaintiff has failed to allege which product he purchased or leased from Defendant.   Further, Plaintiff has failed to allege that he purchased or leased goods or services primarily for personal, family, or household purposes.  By Plaintiff's own admission, he brings this claim "on behalf of Bergad, Inc., located at 11858 State Route 85, Kittanning, Pennsylvania 16021."  (Complaint, ¶ 6.)  As such, Plaintiff has admitted that the goods or services were purchased for commercial use rather than "personal, family, or household purposes."  Commercial transactions are not governed by the UTPCPL, and Plaintiff cannot bypass this well-established principle by bringing the claim as an individual "acting on behalf" of a corporation.  Further, Plaintiff alleges that Defendant "represent[ed] that the Systems were of a particular standard, quality or grade, when they were of another." (Complaint, ¶ 29(a).)  Plaintiff has failed to set forth with particularity the substance of any such representation; the identity of who made such representation; and when, where, and to whom any such representation was made.

Finally, Plaintiff has not alleged that he, himself, suffered an ascertainable loss of money or property.  Again, by his own admission, he brings this claim, on behalf of Bergad, Inc.  Setting aside the fact that, procedurally, Plaintiff is not permitted to bring a direct claim for injuries suffered by a corporation, even if he were permitted to do so, he has still failed to allege that he has suffered a loss.

Plaintiff has merely alleged boilerplate, standardized, legally conclusory statements, which do not serve to state a plausible claim. Under either standard, Plaintiff has failed to properly allege a claim under Pennsylvania's UTPCPL.

  **(b)**  **The economic loss doctrine bars Plaintiff's claims under the UTPCPL.[4]**

If it is determined that commercial transactions are governed by the UTPCPL, which is expressly denied, Plaintiff is barred from recovering under the UTPCPL by the economic loss doctrine. *See Sunshine v. Reassure Am. Life Ins. Co.*, 515 F. App'x 140, 145 (3d Cir. 2013); *see also Werwinski v. Ford Motor Co.*, 286 F.3d 661, 681-82 (3d Cir. 2002). The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski*, 286 F.3d at 671 (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)). Consequently, the doctrine limits plaintiffs to their contract claims "when loss of the benefit of a bargain is the plaintiff[s] sole loss." *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 104 (3d Cir. 2001) (quoting *Duquesne Light*, 66 F.3d at 618). To avoid application of the economic loss doctrine, plaintiffs must articulate "harm that is distinct from the disappointed expectations evolving solely from an agreement." *Sunburst Paper, LLC v. Keating Fibre Int'l, Inc.*, 2006 U.S. Dist. LEXIS 78890, at *10 (E.D. Pa. Oct. 30, 2006) (citing *Auger v. The Stouffer Corp.*, 1993 U.S. Dist. LEXIS 12719, at *2 (E.D. Pa. Aug. 31, 1993)).

---

[4] As addressed above, *supra* Section IV.A., Plaintiff Paul Bergad does not have standing to bring any claims against Defendant. If any entity has a claim against Defendant, which is expressly denied, it would be Bergad, Inc., the party with whom Defendant entered into a Monitored System Agreement. While it is expressly denied that Paul Bergad can bring this claim on behalf of Bergad, Inc., the remaining sections of Defendant's Memorandum in Support of Motion to Dismiss or for a More Definite Statement are argued as if the claims were brought properly by Plaintiff on behalf of Bergad, Inc.

Here, Plaintiff's claims are rooted in contract law.  Specifically, Plaintiff's claims relate to the Monitored System Agreement entered into between Bergad, Inc. and Defendant, and alleged implied and express warranties.  (*See* Exhibit 1).  The Monitored Sales Agreement provides the following:

> 9.     Warranty for repair/replacement of monitoring equipment.  After purchasing monitoring equipment from 2Krew, as long as Customer maintains, without interruption, a Security Monitoring Agreement with 2Krew, 2Krew shall repair or replace (in its sole discretion) defective monitoring equipment originally installed by 2Krew.  2Krew shall have no obligation, under this or any other section of this Agreement to bear the cost of repair or replacement of existing monitoring equipment, or equipment installed by another person or entity. The warranty provided herein will be performed only during normal 2Krew working hours.  Should services be requested to be performed outside normal business hours (M-F 8am-5pm) additional fees may be incurred.

> 15.     WAIVER OF LIABILITY.  Actual damages resulting from a failure of 2Krew to perform some task required by this Agreement would be extremely difficult to calculate. CUSTOMER AGREES THAT 2KREW, ITS AGENTS, EMPLOYEES, SUBSIDIARIES, PARENT COMPANY, SUBCONTRACTORS AND AFFILIATES ARE EXEMPT FROM LIABILITY FOR ANY LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE ARISING DIRECTLY OR INDIRECTLY FROM THE SERVICES PERFORMED BY 2KREW OR ANY OF ITS SUBCONTRACTORS OR SYSTEMS PROVIDED BY 2KREW OR ANY OF ITS SUBCONTRACTORS.  IF IT IS DETERMINED THAT 2KREW OR ANY OF ITS AGENTS, EMPLOYEES,     SUBSIDIARIES,     PARENT     COMPANY, SUBCONTRACTORS  OR  AFFILIATES  ARE  DIRECTLY  OR INDIRECTLY RESPONSIBLE FOR ANY SUCH LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE, CUSTOMER AGREES THAT DAMAGES SHALL BE LIMITED TO THE ANNUAL SERVICE CHARGE YOU PAY UNDER THIS AGREEMENT.  THESE AGREED UPON DAMAGES ARE NOT A PENALTY; THEY ARE CUSTOMERS SOLE REMEDY NO MATTER HOW THE LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE IS CAUSED, EVEN IF CAUSED BY 2KREW'S NEGLIGENCE, GROSS NEGLIGENCE, FAILURE TO PERFORM  DUTIES  UNDER  THIS  AGREEMENT,  STRICT LIABILITY, FAILURE TO COMPLY WITH ANY APPLICABLE LAW, OR OTHER FAULT.  **CUSTOMER EXPRESSLY AGREES WAIVE**

**ANY AND ALL WARRANTIES PROVIDED FOR, EXCEPT AS SET FORTH HEREIN, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND/OR IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.**

**16. EXCLUSIVE DAMAGES REMEDY. CUSTOMER'S EXCLUSIVE DAMAGES AND LIABILITIES REMEDIES ARE SET FORTH IN PARAGRAPH 15 ABOVE. 2KREW IS NOT LIABLE TO CUSTOMER OR ANY OTHER PERSON FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES.**

The terms for remedying the injury allegedly suffered by Plaintiff, namely, the purchase of allegedly defective systems, were expressly set forth in the agreement. *See* Exhibit 1, ¶¶ 9, 15-16. Further, the damages available to Plaintiff were provided for in the agreement as the exclusive remedy. (See Exhibit 1, ¶ 16.) In Pennsylvania, "contractual provisions limiting warranties, establishing repair or replacement as the exclusive remedy for breach of warranty and excluding liability for special, indirect and consequential damages in a commercial setting are generally valid and enforceable." *N.Y. State Elec. & Gas Corp. v. Westinghouse Elec. Corp.*, 564 A.2d 919, 924 (Pa. Super. 1989). As such, Plaintiff's claim stems from contract law, and cannot be brought under a theory of tort law, including under the UTPCPL.

Further, Plaintiff explicitly states in his UTPCPL claim that he was injured "[a]s a direct and proximate result of Defendant's breach of its warranties." (Complaint, ¶33.) Further, the only injury Plaintiff alleges is that he was required to "purchase and install new security systems and/or repair existing Systems." This loss is strictly economic, and Plaintiff will be unable to articulate a distinct harm outside of the bounds of contract law.

Because the economic loss doctrine bars Plaintiff from bringing a contract claim under the UTPCPL, Plaintiff has failed to state a claim under the Pennsylvania UTPCPL in

Count I.   Count I of Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(6).

> **(c)** **The gist of the action doctrine bars Plaintiff's claims for negligent misrepresentation.**

Pennsylvania law recognizes the gist-of-the-action doctrine, which provides that "when a tort claim involves actions arising from a contractual relationship, the plaintiff is generally limited to an action under the contract." *Stillwagon v. Innsbrook Golf & Marina, LLC*, 2013 U.S. Dist. 38387, at *38 (W.D. Pa. 2013) (citing *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 2012 U.S. Dist. LEXIS 46987, at *6 (E.D. Pa. Mar. 30, 2012)).  Under the gist-of-the-action doctrine, a plaintiff is barred from bringing tort claims: "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract." *Stillwagon*, 2013 U.S. Dist. 38387, at *32-33.

Here, Bergad, Inc. and Defendant executed a Monitored System Agreement governing the obligations, duties, and liabilities of each of the parties related to the security system at issue.  (*See* Exhibit 1.)  The Monitored System Agreement specifically covers, *inter alia*, the installation of the equipment, (*see* Exhibit 1, ¶ 5); applicable warranties for the repair and replacement of the equipment, (*see* Exhibit 1, ¶ 9); the scope of monitoring services, (*see* Exhibit 1, ¶ 11); waiver of liability, (*see* Exhibit 1, ¶ 15); and assignment (*see* Exhibit 1, ¶ 19).

Plaintiff's claims arise from a contractual relationship (between Bergad, Inc. and Defendant), and any duties owed by Defendant to Plaintiff stem from the subject contract. Plaintiff's claims under the Pennsylvania UTPCPL duplicate a breach of contract claim, and success on these claims is wholly dependent on the terms of the contract.  As such, Plaintiff

should be limited to an action under contract law, and Count I, Violation of Pennsylvania's UTPCPL, should be dismissed.

      **2.**       **Breach of Implied Warranties**

      **(a)**       **Plaintiff's claim for breach of implied warranties is barred by contractual disclaimer of warranties.**

Count II of Plaintiff's Complaint alleges breach of implied warranties. In this Count, Plaintiff alleges that Defendant breached its implied warranties of merchantability and fitness for a particular purpose. (Complaint, ¶ 36.) Under Pennsylvania law, "contractual provisions limiting warranties, establishing repair or replacement as the exclusive remedy for breach of warranty and excluding liability for special, indirect and consequential damages in a commercial setting are generally valid and enforceable." *N.Y. State Elec. & Gas Corp.*, 564 A.2d at 924. Pursuant to the Pennsylvania Commercial Code, "to exclude or modify the implied warranty of merchantability or any part of it[,] the language must mention merchantability and in case of a writing must be conspicuous." 13 Pa.C.S. § 2316(b). Further, "to exclude or modify any implied warranty of fitness[,] the exclusion must be by a writing and conspicuous." *N.Y. State Elec. & Gas Corp.*, at 924; *see also* 13 Pa.C.S. § 2315. Finally, if an exclusive remedy is set forth in an agreement, it is the sole remedy. 13 Pa.C.S. § 2719(a)(2).

As was set forth at length above, *supra* Section B.1.(b), the agreement entered into between Defendant and Bergad, Inc. set forth provisions limiting any warranties and providing for repair or replacement as the exclusive remedy for breach of warranty. Defendant properly disclaimed all implied warranties. With regard to the implied warranty of merchantability, the disclaimer was conspicuously formatted in bold font and included the word "merchantability." 13 Pa.C.S. § 2316(b). As to the implied warranty of fitness for a particular purpose, the disclaimer was written and was conspicuously formatted in bold

font.  *Id*.  As such, any implied warranties were expressly disclaimed in the Monitored

Systems Agreement, and Count II of Plaintiff's Complaint should be dismissed.

> **(b)**     **Plaintiff has failed to state a plausible claim for breach of implied warranties.**

If this Honorable Court finds that implied warranties were not sufficiently disclaimed

by the Monitored Systems Agreement, Count II of Plaintiff's Complaint should be dismissed

for failure to state a plausible claim.  According to the Pennsylvania Commercial Code, to

state a claim for breach of warranty of merchantability, a plaintiff must (1) allege that goods

were sold, (2) show that the "seller is a merchant with respect to goods of that kind," and (3)

show that the goods sold were not merchantable.  13 Pa.C.S. § 2314.  A "good" is defined as

"all things (including specially manufactured goods) which are movable at the time of

identification to the contract for sale other than the money in which the price is to be paid

investment securities (Division 8), and things in action."

Here, Plaintiff has failed to allege that a movable item was purchased, and instead

vaguely claims to have purchased a "security system," which is a category of items, not an

item itself.  Plaintiff has failed to identify any "good" that was allegedly purchased.

Further, according to the Pennsylvania Commercial Code, to allege a claim for breach

of implied warranty of fitness for a particular purpose, a plaintiff must allege that "the seller

at the time of contracting ha[d] reason to know: (1) any particular purpose for which the

goods are required; and (2) that the buyer is relying on the skill or judgment of the seller to

select or furnish suitable goods."  A "particular purpose" differs from an "ordinary purpose"

in that it "envisages a specific use by the buyer which is peculiar to the nature of his business

whereas the ordinary purposes for which goods are used are those envisaged in the concept

of merchantability and go to uses which are customarily made of the goods in question."

*Visual Communs., Inc. v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 611 F. Supp. 2d 465, 471 (E.D. Pa. 2009).

Here, again, Plaintiff has failed to allege any "good" that was allegedly purchased. Further, Plaintiff failed to identify the particular purpose for which the good was allegedly purchased.  Plaintiff has also failed to allege that Defendant was aware of any particular purpose for which the alleged good was purchased.  Finally, by Plaintiff's own allegation, the "security systems" were "installed in homes, offices, or other buildings" and "tailored to new businesses, residential homes, franchises, as well as educational, industrial, municipal, state, and federal government agencies."  As such, Plaintiff cannot cure the aforementioned defects, as Plaintiff's allegation inherently suggests a wide range of "purposes" for the "security systems."

Finally, the Pennsylvania Commercial Code requires that, upon a perceived breach of an agreement for the sale of goods, a "buyer must[,] within a reasonable time after he discovers or should have discovered any breach[,] notify the seller of the breach or be barred from any remedy."  13 Pa.C.S. § 2607(c)(1).  Here, Plaintiff has not alleged that Plaintiff complied with this pre-litigation requirement.  Further, Plaintiff has not pled any facts that would support an inference that this requirement was met by Plaintiff.  As such, Plaintiff is without legal remedy with regard to any alleged breach of warranty.

Based on the foregoing, Plaintiff has failed to state a claim for breach of implied warranties, and Count II of Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(6).

3.      **Breach of Express Warranty**

(a)      **Plaintiff has failed to state a plausible claim for breach of express warranty.**

In Count III, Plaintiff alleges breach of express warranty.  To state a claim for breach of express warranty, a plaintiff must demonstrate "that a promise or affirmative statement was made, how or by whom the promise was made, or what was in fact promised." *Incubadora Mexicana, SA De CV v. Zoetis, Inc.*, 310 F.R.D. 166, 173 (E.D. Pa. 2015).   An "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."  13 Pa.C.S. § 2313(a)(1).  Further, while it is not necessary to use the words "warrant" or "guarantee," a warranty is not created by an "affirmation merely of the value of the goods or a statement purporting to be merely the opinion of the seller or commendation of the goods."  *Id.* at § 2313(b).  These kinds of affirmations "are not measurable and amount to puffery" and they "do not give rise to liability for breach of express warranty."  *Sabol v. Ford Motor Co.,* 2015 U.S. Dist. LEXIS 92341, at *10 (E.D. Pa. July 16, 2015) (statements that a vehicle is "safe" and "reliable" amount to puffery); *see also Forbis v. Reilly*, 684 F. Supp. 1317, 1321 (W.D. Pa. 1988) (statement that a horse is a "good mare to start a breeding program with" amounts to no more than puffing); *Hoffman v. A. B. Chance Co.*, 339 F. Supp. 1385, 1388 (M.D. Pa. 1972) (statement that a product "offered unprecedented safety' is a statement of opinion and is in the nature of seller's puffing.")

Here, Plaintiff has failed to properly allege any express warranty with regard to the unidentified "security systems."  The list of statements that Plaintiff alleges constitute express warranties are nothing more than puffery.  (Complaint, ¶ 44.)  As such, they do not

give rise to liability for breach of express warranty, and cannot support Plaintiff's claim.  The remainder of Plaintiff's Complaint is wholly void of any allegations as to any express warranties.  There are no allegations regarding what the express warranty stated, who made the representations that constitute the warranty, and which portion of the warranty was allegedly breached.  As such, Plaintiff has failed to state a plausible claim for breach of express warranty.

Further, as discussed in detail above, *supra* Section B.2(b), Plaintiff has failed to allege that he notified Defendant within a reasonable time after he discovered or should have discovered the breach in accordance with 13 Pa.C.S. § 2607(c)(1).   As such, Plaintiff is without legal remedy with regard to any alleged breach of warranty.

Based on the foregoing, Plaintiff has failed to state a claim for breach of express warranty, and Count III of Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(6).

### 4.      Negligent Misrepresentation

### (a)      The economic loss doctrine bars Plaintiff's claims for negligent misrepresentation.

Plaintiff is barred from recovering under a theory of negligent misrepresentation by the economic loss doctrine.  As discussed at length above, *supra* Section B.1(b), the economic loss doctrine prohibits a plaintiff from recovering for economic losses where the plaintiff's alleged losses are exclusively economic and stem from contract law.  The Third Circuit has held that the economic loss doctrine applies to claims of negligent misrepresentation. *Stillwagon*, at *38 (citing *Werwinski*, at 661).  Here, Plaintiff's alleged losses are strictly economic and are rooted in contract law.   As such, Plaintiff's claim of negligent misrepresentation is barred by the economic loss doctrine.

**(b)     The gist of the action doctrine bars Plaintiff's claims for negligent misrepresentation.**

As was set forth at length above, *supra* Section B.1.(c), Pennsylvania law recognizes the gist-of-the-action doctrine, which provides that "when a tort claim involves actions arising from a contractual relationship, the plaintiff is generally limited to an action under the contract." *Stillwagon*, at *32 (citing *Grant Heilman Photography, Inc.*, 2012 U.S. Dist. LEXIS 46987, at *6).  To avoid duplicative argument, Defendant incorporates the argument set forth above, *supra* Section B.1.(c), as if set forth at length in this section.  For all of the reasons Plaintiff's claims under the Pennsylvania UTPCPL are barred by the gist-of-the-action doctrine, Plaintiff's claims under a theory of negligent misrepresentation are also barred.  As such, Plaintiff should be limited to an action under contract law, and Count IV, Negligent Misrepresentation, should be dismissed.

**(c)     Plaintiff has failed to state a plausible claim for negligent misrepresentation.**

To state a claim for negligent misrepresentation, a Plaintiff must allege: "(1) a duty recognized by law, requiring the actor to conform to a certain standard of conduct for protection of others against unreasonable risks; (2) failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to interests of another." *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765 (3d Cir. 2009).

A party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b) ("Rule 9(b)").  To satisfy the requirements of Rule 9(b), a plaintiff must "state the circumstances of the alleged fraud with sufficient particularity to place a defendant on notice of the 'precise misconduct with which [it is] charged.'" *Dimare v. Metlife*

*Insurance Co.*, 369 Fed. App'x 324, at *329 (3d Cir. 2010) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).   To do so, a plaintiff must "allege who made a misrepresentation to whom and the general content of the misrepresentation." *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 86 (3d Cir. 2015).   Further, a plaintiff must "either plead the date, time, and place of the alleged fraud, or inject precision into the allegations by some alternative means." *Id.*

There is a lack of consensus in the Third Circuit as to whether this heightened standard applies to claims of negligent misrepresentation.  *In re Zostavax*, 2019 U.S. Dist. LEXIS 83925, at *3 (E.D. Pa. May 10, 2019).  However, in many cases, judges have opted to follow the holding in *Hanover Ins. Co. v. Ryan*, wherein the court held that the heightened standard does, in fact, apply to claims of negligent misrepresentation.  619 F. Supp. 2d 127, 142 (E.D. Pa. 2007); *see also Whitaker*, 198 F. Supp. 3d at 484.  Further, even in cases where Pennsylvania courts have declined to apply Rule 9(b), such courts have held that "a plaintiff must nonetheless 'plead negligent misrepresentation with a degree of specificity.'"  *Scott v. Bimbo Bakeries, Inc.*, 2012 U.S. Dist. LEXIS 26106, at *19 (E.D. Pa. Feb. 29, 2012).

Regardless, under either standard, Plaintiff falls short in that Plaintiff has failed to allege the elements of negligent misrepresentation.  Plaintiff alleges that Defendant made misrepresentations, but has not set forth the substance of any such misrepresentation; the identity of who made such misrepresentation; and when, where, and to whom any such representation was made.  Plaintiff cannot rely on mere boilerplate language in stating a claim for negligent misrepresentation.

Based on the foregoing, Plaintiff has failed to state a claim for negligent misrepresentation, and Count IV of Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(6).

**C.     Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e).**

In the alternative, Defendant moves this Honorable Court to order a more definite statement pursuant to Rule 12(e), which allows a party to move for a more definite statement where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Here, Plaintiff's claims are based on his allegation that Defendant "designed, manufactured, marketed, advertised, warranted, and sold" what Plaintiff vaguely and ambiguously refers to as "security systems." (Complaint, ¶ Introduction.) Plaintiff alleges a defect to a product but fails to identify the product. Defendant cannot prepare a response to claims that are based on an unidentified product. Even a mere denial cannot be set forth in good faith where Defendant is not on notice as to the product about which Plaintiff complains. Further, Defendant cannot determine whether there may be grounds for a defense pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure of Plaintiff to join a party under Rule 19 because, without notice as to the subject product, Defendant cannot ascertain the identities of other entities within the chain of production who may be wholly or partially responsible for Plaintiff's alleged injuries.

Based on the foregoing, Defendant requests, in the alternative, that this Honorable Court order a more definite statement pursuant to Rule 12(e).

## IV.    CONCLUSION

For the foregoing reasons, Defendant, 2Krew Security & Surveillance, respectfully asks this Honorable Court to grant its motion and dismiss Plaintiff's Complaint.

Date: December 23, 2019                                Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.


/s/ Ember K. Holmes
    Andrew T. Tillapaugh, Esquire
    Ember K. Holmes, Esquire

    *Attorneys for Defendant, 2Krew*
    *Security & Surveillance*

**CERTIFICATE OF SERVICE**

I, Ember K. Holmes, hereby certify that on December 23, 2019, I electronically filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss or for a More Definite Statement with the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

D. Aaron Rihn, Esquire
Robert Peirce & Associates, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA  15219

/s/  Ember K. Holmes
Attorney for Defendant, 2Krew Security & Surveillance